```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF MAINE
```

JAMES E. BRENSINGER,            )
                                )
        Plaintiff              )
                                )
   v.                           )       1:14-CV-00011-GZS
                                )
GUY HUNNEWELL *et al.*,         )
                                )
        Defendants             )

## RECOMMENDED DECISION

In this action, Plaintiff James Brensinger seeks to recover damages allegedly resulting from an assault committed by a fellow inmate at the Maine State Prison, Defendant Guy Hunnewell. Plaintiff also joined Chad Benner, a corrections officer, and the Maine State Prison as Defendants. The matter is before the Court on the Motion to Dismiss of Defendants Benner and Maine State Prison (the State Defendants) (ECF No. 16). Additionally, on May 5, 2014, the Court issued an Order to Show Cause, by which Order Plaintiff was required to show cause, on or before May 19, as to why the matter against Defendant Hunnewell should not be dismissed for lack of prosecution (ECF No. 17). Plaintiff has not made any filing in response to the Order to Show Cause.

As explained below, it is recommended that the Court grant Defendants' Motion[1] and that the Court dismiss the action with respect to all Defendants.

---

[1] The Court referred the motion for report and recommended decision.

**PROCEDURAL BACKGROUND**

Plaintiff filed his complaint on January 10, 2014, and requested leave to proceed *in forma pauperis*. The Court granted Plaintiff leave to proceed *in forma pauperis* and ordered service upon Defendant Hunnewell. The State Defendants accepted service on February 21, 2014.

On March 25, 2014, the State Defendants filed a Motion to Dismiss. Plaintiff failed to respond to the motion. Additionally, although return of service on Defendant Hunnewell was filed on February 19 (ECF No. 12), Defendant Hunnewell failed to answer the complaint. Plaintiff, however, failed to move for entry of default or default judgment. The Court, therefore, issued an Order to Show Cause why the matter against Hunnewell not be dismissed for failure to prosecute. Plaintiff failed to respond to the Order to Show Cause.

**FACTUAL BACKGROUND**

The facts set forth herein are derived from Plaintiff's complaint, which facts are deemed true when evaluating the Motion to Dismiss.[2] On January 28, 2013, Plaintiff and Defendant Hunnewell were performing floor maintenance at the Maine State Prison, where they were both incarcerated.[3] Defendant Benner, a corrections officer, supervised their work. At some point, Defendant Benner retrieved a shovel from a cleaning closet for the inmates to use. Sometime thereafter, Defendant Hunnewell struck Plaintiff on the head with the shovel. Plaintiff awoke in the medical unit, where he received stitches and staples to close a severe head wound. (ECF No. 1-1, at 2-4, ¶ II.2.) In this action, Plaintiff requests "money for pain and suffering [$]60,000" as the result of the injuries. (ECF No. 1, at 3, ¶ V.)

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.
[3] It is not apparent from the complaint whether Plaintiff and Defendant Hunnewell are still incarcerated at this date.

## DISCUSSION

**A.    State Defendants' Motion to Dismiss**

The State Defendants assert that the Maine State Prison cannot be sued in federal court because it is not a person within the meaning of 42 U.S.C. § 1983 and because the State of Maine is immune from suit. (Motion to Dismiss at 1-2.) They further assert that Plaintiff fails to state a claim against Defendant Benner because the complaint contains no facts or allegations to support a claim against Defendant Benner for the assault committed by Defendant Hunnewell. (*Id.* at 2-3.)

### 1.    *The Maine State Prison as Defendant*

Sovereign immunity precludes a remedy in money damages against the State. *See Wisconsin Dept. of Corr. v. Schacht,* 524 U.S. 381, 389 (1998) (describing the Eleventh Amendment as the source of the defense and noting it can be waived); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that 42 U.S.C. § 1983 does not override Eleventh Amendment immunity); *Kentucky v. Graham,* 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.") As part of the government of the State of Maine, Defendant Maine State Prison is immune from a claim for monetary damages such as Plaintiff asserts in this case.[4]

### 2.    *Defendant Benner*

Unlike the State of Maine, Defendant Benner is subject to a claim for money damages in federal court. Defendant Benner, pursuant to Federal Rule of Civil Procedure 12(b)(6), has moved for dismissal on the ground that Plaintiff's complaint fails to state a claim upon which relief can be granted. Judgment based on such a motion presumes the existence of subject matter jurisdiction

---

[4] Alternatively, Plaintiff cannot prevail against Defendant Maine State Prison under 42 U.S.C. § 1983 because the State is not a "person" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).

and the resulting dismissal is with prejudice absent a contrary indication. *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004).

In its assessment of a Rule 12(b)(6) motion, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, Plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that Defendant Benner is legally responsible for Plaintiff's injuries. *Id.*

A review of Plaintiff's complaint reveals that Plaintiff has failed to articulate a plausible basis upon which a rational fact finder could conclude that Defendant Benner is legally responsible for Plaintiff's injuries. In the complaint, Plaintiff alleges that Defendant Hunnewell, not Defendant Benner, inflicted the injury. Plaintiff simply alleges that Defendant Benner retrieved a shovel for Plaintiff and Defendant to use in a maintenance project. Plaintiff, however, does not allege a legal theory or facts that would support the imposition of liability on Defendant Benner for the injuries caused by Defendant Hunnewell.

In addition, to proceed on a claim under 42 U.S.C. § 1983, Plaintiff is required to allege facts that could constitute the deprivation of a federal right. In the context of this case, the right at issue arises under either the Eighth Amendment or the Fourteenth Amendment, depending on whether Plaintiff was an inmate serving a sentence of conviction or a pretrial detainee when the assault occurred. In either case, Plaintiff must establish that Defendant Benner's conduct amounts to "deliberate indifference." *Burrell v. Hampshire Cnty.,* 307 F.3d 1, 7 (1st Cir. 2002) (stating in the context of prisoner-on-prisoner violence that "[p]retrial detainees are protected under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment; however, the

standard to be applied is the same as that used in Eighth Amendment cases"). *See also Surprenant v. Rivas*, 424 F.3d 5, 13 (1st Cir. 2005) ("A pretrial detainee has a Fourteenth Amendment right to be free from punishment prior to conviction."). That is, Plaintiff is required to demonstrate that Defendant Benner was deliberately indifferent toward a prison condition that created a substantial risk of serious harm. *Burrell,* 307 F.3d at 8. Under the deliberate indifference standard, a plaintiff must prove not only that he or she was exposed to a substantial risk of serious harm, but also that the defendant was deliberately indifferent to the risk. *Id.* at 8. "Not every injury suffered by a prisoner at the hands of another results in constitutional liability on the part of prison officials." *Id.* at 7-8. Deliberate indifference is akin to criminal recklessness. *Id.* at 8. To be deliberately indifferent, the level of indifference at issue must be "on the order of something 'repugnant to the conscience of mankind.'" *Thurston v. Cumberland Cnty.*, 2:13-CV-00013-GZS, 2014 WL 294487 (D. Me. Jan. 27, 2014) (quoting *Estelle v. Gamble,* 429 U.S. 97, 105 (1976)). Mere negligence will not suffice.

Because negligent conduct is not enough to support a civil rights claim for "deliberate indifference," in essence, Plaintiff must present facts from which one reasonably could conclude that Defendant Benner either intended for Defendant Hunnewell to use the shovel to assault Plaintiff, or that Defendant Benner had reason to believe that Defendant Hunnewell would use the shovel as a weapon to harm Plaintiff. In other words, Plaintiff would have to allege facts that could support the conclusion that Defendant Benner was subjectively aware that the likelihood that Defendant Hunnewell could assault Plaintiff with the shovel was something more than a mere possibility. *Burrell*, 307 F.3d at 8. Plaintiff's allegations simply do not provide the factual context from which one reasonably could draw such a conclusion. For that reason, Plaintiff fails to state a claim against Defendant Benner.

**B.     Defendant Hunnewell**

To be liable under section 1983, a defendant must be a state actor. *See* 42 U.S.C. § 1983 (subjecting to liability persons who act "under color of" state law); *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013) (explaining that section "1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations"). In his complaint, Plaintiff does not suggest that Defendant Hunnewell is a state actor, nor do the alleged facts suggest that Defendant Hunnewell is a state actor. Plaintiff, therefore, has failed to allege any basis in federal law for his claim against Defendant Hunnewell.

Presumably, Plaintiff seeks to recover against Hunnewell on a state law claim of assault. This Court's jurisdiction over Plaintiff's state law claim is dependent upon Plaintiff maintaining an actionable federal claim. *See* 28 U.S.C. § 1367. Because Plaintiff has failed to assert an actionable federal claim, this Court does not have jurisdiction over the assault claim. *See* 28 U.S.C. § 1367(c)(3), (d). Dismissal of the assault claim against Defendant Hunnewell is thus appropriate.[5]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant the State Defendants' Motion to Dismiss (ECF No. 16), and thereby dismiss the claims against the State and against Defendant Benner. The recommendation is also that the Court dismiss Plaintiff's claims against Defendant Hunnewell without prejudice pursuant to 28U.S.C. § 1367(c).[6]

---

[5] The Court could also dismiss the claim against Defendant Hunnewell based on Plaintiff's failure to show cause in accordance with the Court's Show Cause Order, which dismissal would presumably be with prejudice.

[6] It is not apparent from Plaintiff's complaint that he is asserting any state law claims against the State Defendants. However, if the complaint is construed to include such a claim, the recommendation regarding any state law claims would be the same as the recommendation concerning the presumptive state law claim against Defendant Hunnewell—dismissal without prejudice pursuant to 28 U.S.C. § 1367(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

May 22, 2014